DWYER, Respondent, v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 5, 1897.) Action by Michael Dwyer against the president, managers, etc., of the Delaware & Hudson Canal Company. No opinion. Judgment and order affirmed, with costs.

ECKERSON et al., Appellants, v. VILLAGE OF HAVERSTRAW et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 5, 1897.) Action by J. Esler Eckerson and others against the village of Haverstraw and others. No opinion. Motion for reargument denied, with $10 costs. See 39 N. Y. Supp. 635.

ERNST, Appellant, v. ATLANTIC SALT-WATER CO. et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Maurice L. Ernst against the Atlantic Salt Water Company, Richard Outwater, and Peter Outwater. No opinion. Judgment affirmed, with costs.

ERNST, Respondent, v. ROTHSCHILD, Appellant. (City Court of New York, General Term. October 26, 1897.) Action by Max Ernst against Jacob Rothschild. Charles H. Brush, for appellant. Kirk & Schwartz, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial. The action was brought to recover of the defendant one-fifth part of the salary of an attendant employed by the plaintiff to run a freight elevator in a certain building in the city of New York owned by the defendant. This building contained five lofts, and for several years prior to the 1st day of February, 1893, all of such lofts were leased by the defendant to the plaintiff, and one of the five was sublet by the plaintiff to a firm of the name of Edelstein & Frank. The plaintiff's lease expired on February 1, 1893, and was renewed for three years as to the four lofts occupied by him; and about the same time the defendant leased to Edelstein & Frank the loft which they had previously occupied as subtenants of the plaintiff, where they were paying one-fifth of the expense of running the freight elevator. The evidence of the plaintiff is to the effect that about the time of the making of the lease between the defendant, Rothschild, and Edelstein & Frank, they came to the plaintiff, and an agreement was reached that Edelstein & Frank were to pay to the defendant, Rothschild, in addition to the rent then received, the amount they had been previously paying Ernst for the expense of running the elevator,—thereby saving the annoyance of paying two landlords; the amount so paid to defendant in excess of rent to be accounted for to the plaintiff. This testimony was substantially corroborated by Edelstein. The defendant concedes that no allowance was made to the plaintiff from any rents received from Edelstein, and denies that any agreement was entered into as to the freight elevator. This issue of fact was fairly submitted to the jury, and we think the conclusion reached was fully sustained by the evidence. Judgment affirmed, with costs. All concur.

FENOLLOSA, Appellant, v. FENOLLOSA, Respondent. (Supreme Court, Appellate Division, First Department. May 14, 1897.) Action by Lizzie G. Fenollosa against Ernest F. Fenollosa. R. M. Sherman, for appellant. E. Van Schaick, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

FERRARI, Respondent, v. KIENZLER, Appellant. (City Court of New York, General Term. October 26, 1897.) Action by F. Ferrari against Herman Kienzler. Jacob Fromme, for appellant. Dulon & Roe, for respondent.

PER CURIAM. The direction of a verdict in favor of the plaintiff by the trial justice, in our opinion, was right. The acceptance of the draft by the defendant bound him to pay the same upon maturity, unless the acceptance was procured by fraud. We find nothing in the case which would justify us in declaring that the acceptance was procured by fraud, even accepting the defendant's statement as true, concerning the statements made to him, and which he claims induced him to accept the draft. We cannot find that any fraudulent statement was made to him. The most that happened, it appears, is that the person who presented the draft said that the ship, upon which were the goods, was in sight, and would shortly arrive, whereas, as a matter of fact, the goods had already arrived, and were in the public storehouse, wherefrom they could have been obtained by the defendant's brokers upon the payment of the legal charges, which plaintiff directed to be paid the defendant by his bankers here. Of course, the defendant was not required to have his brokers have the goods released in the way just suggested, but, if that way was not satisfactory to him, he was certainly bound to rescind the contract of sale of the goods to him within a reasonable time, and his failure to do so would make him liable on the draft sued upon. He did not attempt to rescind the sale until many months thereafter, when he returned the invoices and the other documents left him by the plaintiff's agents; and then it was, in our opinion, too late for him to disaffirm or disclaim the purchase, and consequently his liability upon the draft was complete. Judgment affirmed, with costs.

FIGUEIRA, Appellant, v. FEHRENBACH, Respondent. (Supreme Court, Appellate Division, Second Department. October 29, 1897.) Action by Mathias Figueira against Herman Fehrenbach. No opinion. Judgment and order affirmed, with costs.

FLAMMER v. WARREN et al. (Supreme Court, Appellate Division, First Department. October 15, 1897.) Action by Charles Flammer against Aldred K. Warren and others. No opinion. Motion granted, with $10 costs.